SMITH *v.* LAWRENCE BAKING COMPANY.

1. WORKMEN'S COMPENSATION—INJURY NOT DUE TO SINGLE EVENT—
   LAST EMPLOYER.

   The occupational disease portion of the workmen's compensation
   act requires that compensation for disability thereunder be
   recovered from the employer who last employed the employee
   in the employment to the nature of which the disease was due
   and in which it was contracted, the *time of injury* being else-
   where defined in case the injury is not attributable to a single
   event as the last day of work in the employment in which
   the employee was last subjected to the characteristic and pecul-
   iar conditions resulting in disability from being able to earn
   full wages at that work (CLS 1956, § 412.1; CL 1948, §§ 417.1,
   417.2, 417.9).

2. COURTS—STARE DECISIS—CONSTRUCTION OF STATUTES.

   *Stare decisis* is usually the wise policy, because in most matters
   it is more important that the applicable rule of law be settled
   than that it be settled right, but 1 decision construing an act
   does not approach the dignity of a well settled interpretation.

3. WORKMEN'S COMPENSATION—OUT-OF-STATE EMPLOYERS—JURISDIC-
   TION.

   The Michigan workmen's compensation act may not be said to
   apply to employers outside of this State over whom this State
   has no jurisdiction.

4. SAME—BAKERY EMPLOYEE—BACK INJURY—LIABILITY OF LAST
   MICHIGAN EMPLOYER.

   Liability for injury plaintiff incurred while operating bread-
   wrapping and bun-wrapping machines for defendant bakeries
   in which activity there was continuous, uninterrupted, and ex-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 58 Am Jur, Workmen's Compensation §§ 81, 246.
[2] 14 Am Jur, Courts § 66.
[3] 58 Am Jur, Workmen's Compensation § 36.
[5] 58 Am Jur, Workmen's Compensation § 543.

cessive turning, twisting, and bending of back that ultimately resulted in disability from continuing in such work is imposed upon the last bakery employer in this State, where there is ample testimony to support the finding of disablement and that the Michigan employers had notice of plaintiff's injury (CLS 1956, § 412.1; CL 1948, §§ 417.1, 417.2, 417.9).

5. Costs—Workmen's Compensation—Briefs.

Costs are awarded to both plaintiff and defendant-appellant, where liability for workmen's compensation was imposed by the workmen's compensation appeal board solely upon the next to last Michigan employer of plaintiff, whom the board found primarily responsible for the disability, and Supreme Court imposes liability upon the last Michigan employer, there having been 2 other employers out of the State, all parties having filed briefs (CLS 1956, § 412.1; CL 1948, §§ 417.1, 417.2, 417.9).

Carr, C. J., and Dethmers and Kelly, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted December 7, 1962. (Calendar No. 125, Docket No. 49,833.) Decided May 9, 1963.

Harold G. Smith filed his claim against Lawrence Baking Company, employer, Employers Mutual Liability Company, insurer, Gauss Baking Company, employer, and Auto-Owners Insurance Company, insurer, for workman's compensation because of personal injury or disablement from occupational disease causing deterioration and damage to his back. Award to plaintiff with determination that claim be paid by defendants Lawrence Baking Company and its insurance carrier, who appeal. Reversed in part with direction that order enter imposing liability on Gauss Baking Company and its insurance carrier.

*Sinas, Dramis, Brake & Werbelow (Lee C. Dramis,* of counsel), for plaintiff.

*George E. Ganos (Travis, Warren & Nayer and Harry M. Nayer,* of counsel), for defendants Law-

rence Baking Company and Employers Mutual Liability Company.

*Warner, Hart & Warner,* for defendants Gauss Baking Company and Auto-Owners Insurance Company.

KAVANAGH, J.   Defendants Lawrence Baking Company and Employers Mutual Liability Company appeal from an award of compensation benefits to plaintiff made by the workmen's compensation appeal board which modified and affirmed an award granted by the hearing referee.

Plaintiff was employed by Lawrence Baking Company in Lansing on May 13, 1955.   His job as a bread wrapper involved continuous twisting, turning, and bending.   While employed by Lawrence Baking Company plaintiff worked 12 hours a day operating both bread-wrapping and bun-wrapping machines.

Some 6 months prior to June 19, 1957, plaintiff's back began bothering him.   On June 19, 1957, the pain was such that he requested the bakery owner, Mr. Jeffries, to allow him a day off.   Mr. Jeffries referred him to a chiropractor.   Treatment by the chiropractor did not alleviate the trouble, but plaintiff continued to work.   He subsequently lost time from work because of the back trouble.

Lawrence Baking Company was sold to defendant-appellee Gauss Baking Company in November, 1957. Plaintiff continued to work on a bread-wrapping machine for Gauss.   After numerous requests by plaintiff he was switched to a dough-divider machine in the fall of 1958.   This job did not require bending over, and his back trouble let up.   Plaintiff left Gauss Baking Company on July 30, 1959.

In August of 1959 plaintiff went to work for the Kroger Baking Company at St. Louis, Missouri, as a wrapper machine set-up man.   Plaintiff was re-

quired to move various machines, which were on rollers, by pushing them. His back began to bother him again and as a result he left this job after 2 months.

In October, 1959, plaintiff went to work for Myers Baking Company at Jonesboro, Arkansas, operating a bread-wrapping machine. This work was identical to the work he had done at Gauss and Lawrence. His back continued to cause pain. After he had worked at Myers about 3 weeks, he tripped over an air hose and fell against a table and onto the floor. In falling against the table he struck the lower portion of his rib cage towards the back on the edge of the table. When he started to get up he noticed he had pain extending from his hip to his knee. His employer sent him to a Dr. Molesky, who told him to take a week or 2 off work. Because his back was bothering him and because of the poor wages he was receiving in Arkansas, he wired his mother for money and returned to Lansing. He made no claim for workmen's compensation in Arkansas against Myers Baking Company because he could not afford to remain there and because he "didn't understand the legal technicalities."

Following his return to Lansing, plaintiff consulted several doctors, including Dr. William Meade. Dr. Meade did a myelogram, diagnosed a ruptured disc and subsequently operated, removing the disc. Shortly thereafter, because of instability of the spine, a fusion for stabilization was performed by Dr. W. O. Badgley. In this operation a bone graft and a plate were fused to plaintiff's lumbosacral spine.

Plaintiff's compensation claim alleged personal injury or disablement from occupational disease in the alternative; and, in regard to each, specified back trouble brought on by the use his back had been put to while at Lawrence Baking Company and Gauss

Baking Company. The referee found that plaintiff received a personal injury arising out of and in the course of his employment with Lawrence on November 1, 1957, and with Gauss on December 30, 1958. The November 1, 1957, date was the last day plaintiff worked for Lawrence and December 30, 1958, was the date Gauss switched him to the dough-divider machine. The referee also found that plaintiff suffered a disability due to causes and conditions characteristic of and peculiar to the employment with both Gauss and Lawrence. He ordered that the exposure be shared by the 2 employers on the basis of Lawrence and its insurance carrier paying 2/3 and Gauss and its insurance carrier paying 1/3.

On appeal to the workmen's compensation appeal board, the board, in a unanimous opinion, found that the work for Lawrence Baking Company constituted the primary and principal cause of plaintiff's symptoms and subsequent disability and modified the referee's award so as to place the entire burden of compensation upon Lawrence. The board's findings with respect to the nature and time of injury are summarized as follows:

"The regular work which plaintiff performed for Lawrence during the period from May 13, 1955, to November 1, 1957, was very rigorous and strenuous in nature. It required constant and continuous bending, turning and twisting without interruption for prolonged periods day after day. This work involved a hazard of back injury far greater than that encountered in employment in general. Plaintiff's back symptoms first appeared some 3 to 6 months prior to June 19, 1957. Medical treatment then provided by the employer failed to alleviate the distressing condition. The work for Lawrence constituted the primary and principal cause of plaintiff's symptoms and subsequent disability. Plaintiff has unquestionably been totally disabled since November 1, 1959.

"It is true that plaintiff operated a bread-wrapping machine for Gauss from November 1, 1957, to December 30, 1958. However, this was a different type machine and this work was not a significantly contributing factor in connection with plaintiff's back injury and disability.

"It appears that the actual disc herniation may have occurred at the time of the accident in Arkansas. But the degeneration which made the ultimate rupture inevitable took place much earlier during the course of plaintiff's employment by Lawrence. The 'accusing finger' is pointed at the continuous, uninterrupted, and excessive turning, twisting, and bending which took place during that period of employment."

The board's use of the term "accusing finger" is a reference to the testimony of Dr. Badgley in answer to the following questions:

"*Q.* Are you able to formulate an opinion as to whether or not repeated twisting and bending in which he (plaintiff) engaged to the extent related while working at Lawrence and Gauss Baking Company, played a part in causing the condition of the ruptured disc which was operated by Dr. Meade?

"*A.* Yes, I have an opinion.

"*Q.* Would you state that opinion please?

"*A.* In about 3 parts. First of all, that was a tremendous amount of twisting and bending which as I have testified on other occasions is a matter of fraying a rope or a cable. The fact that it was fraying or beginning to produce the symptoms for which he was treated and later, he ruptured his disc which as I gather from your remarks, was a blow in the back, not a fall. He fell back against a table and the table hit his back. I would assume that the degeneration of the annulus fibrosis occurred while he was on this excessive twisting and bending job and the final rupture was inevitable due to the weakness of the annulus. To make it short, I would point the

accusing finger at the excessive twisting and bending during that period of time."

The litigants in this suit do not dispute the finding of the referee and appeal board, that plaintiff has suffered a personal injury and is disabled within the meaning of the act. Who should pay forms the basis of the present controversy. The answer to this question does not depend on whether plaintiff's employment with Lawrence or Gauss or Kroger or Myers constituted the primary and principal cause of his symptoms and disability. The act specifically defines a much different basis for the determination of employer liability.

The first sentence of part 7, § 9, of the workmen's compensation act provides:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted." (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228].)*

In construing this portion of part 7, § 9, consideration must be given to other pertinent provisions of the statute.

Part 2, § 1, of the act establishes the time and date of injury as follows:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." (CLS 1956, § 412.1 [Stat Ann 1960 Rev § 17.151].)

---

* The apportionment provisions of this section were held unconstitutional in *Trellsite Foundry* v. *Enterprise Foundry*, 365 Mich 209. The subsequent amendment to part 7, § 9, namely, PA 1962, No 189, did not change the language of the quoted sentence.

Part 7, § 1, of the act provides:

"Whenever used in this act:

"(a) The word 'disability' means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability;  *  *  *

"(c) The term 'personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment." (CL 1948, § 417.1 [Stat Ann 1960 Rev § 17.220].)

Part 7, § 2, of the act reads:

"The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein." (CL 1948, § 417.2 [Stat Ann 1960 Rev § 17.221].)

The work in which plaintiff "was last subjected to the conditions resulting in disability" and from which he is "disabled from earning full wages" is the work incident to operating bread- and/or bun-wrapping machines, namely, the turning, twisting, bending and other body movements required in such employment.

There is no question but that the disability "is due to causes and conditions which are characteristic of and peculiar to the business of the employer"— the bakery business—and arose "out of and in the course of the employment."

From the findings of the appeal board it appears that the date of the injury was fixed as November 1, 1957, the last day plaintiff worked for Lawrence Baking Company. The referee found that plaintiff also sustained a personal injury on December 30,

1958, the last day he operated a bread-wrapping machine for Gauss Baking Company.

In construing the intent of the legislature as expressed in part 7, § 9, of the statute, this Court in *Wagner* v. *LaSalle Foundry Co.*, 345 Mich 185, reversed a finding of the compensation commission that the term "employer" means "Michigan employer" and the term "employer who last employed" means "Michigan employer who last employed." The Court stated (p 197):

"From an examination of the various sections of the act, as above referred to, this Court comes to the conclusion that the legislature intended that the commission would have jurisdiction and should exercise jurisdiction in a case of this nature under part 7, § 9, upon the last employer, provided, that such last employer was a Michigan employer; and where, as in this case, the last employer was an employer without the State of Michigan, said commission lacked jurisdiction to make an award."

We do not lightly overrule settled decisions construing any section of a standing statute. Had the *Wagner Case* represented unanimous views of the Court, we might hesitate resolving to overrule that case since, as Justice Brandeis said so pointedly in *Burnet* v. *Coronado Oil & Gas Co.*, 285 US 393, 406 (52 S Ct 443, 76 L ed 815):

"*Stare decisis* is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right."

*Wagner's* dissent, however, simply postponed a final interpretive decision. And even if *Wagner's* majority view had been rendered as unanimous, we would not necessarily be bound thereby since "one decision construing an act does not approach the dignity of a well settled interpretation." See *White*

v. *Winchester Country Club,* 315 US 32, 40 (62 S Ct 425, 86 L ed 619), quoting and following *United States* v. *Raynor,* 302 US 540, 552 (58 S Ct 353, 82 L ed 413).

For the reasons stated by Justice Talbot Smith in his dissenting opinion in *Wagner* v. *LaSalle Foundry Co., supra,* we conclude the majority opinion in *Wagner* was in error in reading into part 7, § 9, of the workmen's compensation act the words, "provided, that such last employer was a Michigan employer." The act under consideration is a Michigan act. It deals with Michigan workmen and Michigan working conditions and Michigan problems. Clearly, the legislature did not have in mind employers outside the State over whom it would have no jurisdiction.

The majority opinion in *Wagner* v. *LaSalle Foundry Co., supra,* is hereby reversed, and part 7, § 9, of the workmen's compensation act is interpreted to read as the legislature intended—"The total compensation due shall be recoverable from the Michigan employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

In applying part 7, § 9, to the instant case, the Michigan employer who last employed the plaintiff in the employment to the nature of which the disease was due, and in which it was contracted, was Gauss Baking Company. Likewise, part 2, § 1, of the act must be read as follows:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the *Michigan* employment in which the employee was last subjected to the conditions resulting in disability or death."

Therefore, the date of injury in this case was December 30, 1958, the last day plaintiff operated a bread-wrapping machine for Gauss Baking Company.

An examination of the record discloses ample medical testimony to support the finding of disablement. There can be no question that the employers had notice of plaintiff's injury.

The order of the appeal board dated November 1, 1961, is reversed insofar as it provides for compensation to be paid by Lawrence Baking Company and fixes the date of injury as November 1, 1957. An order shall enter imposing all liability for weekly benefits and medical, surgical, and hospital care solely upon Gauss Baking Company and its insurance carrier.

Costs to plaintiff and defendant-appellant Lawrence Baking Company.

BLACK, SOURIS, and SMITH, JJ., concurred with KAVANAGH, J.

DETHMERS, J. (*dissenting*). Under the holding of this Court in *Wagner* v. *LaSalle Foundry Co.*, 345 Mich 185, neither set of defendants herein is liable to plaintiff. The order of the appeal board should be reversed. An order should enter denying compensation.

CARR, C. J., and KELLY, J., concurred with DETHMERS, J.

O'HARA, J., took no part in the decision of this case.