GACIOCH v STROH BREWERY COMPANY (AFTER REMAND)

Docket No. 113138. Submitted April 10, 1990, at Lansing. Decided October 26, 1990; approved for publication January 29, 1991, at 9:25 A.M.

Casimer A. Gacioch sought workers' compensation benefits, alleging disability because of chronic alcoholism which he contended arose out of and in the course of his employment with the Stroh Brewery Company because Stroh made free beer available to all employees during breaks as a result of a collectively bargained contract provision negotiated by the union. A hearing referee denied benefits, finding that the plaintiff's chronic alcoholism was not caused, aggravated, or accelerated by conditions characteristic of and peculiar to the business of the defendant. The Workers' Compensation Appeal Board reversed and ordered the defendant to pay compensation. While the appeal before the board was pending, the plaintiff died and Wanda Gacioch, his widow, was substituted as plaintiff. The Court of Appeals, T. M. BURNS and KAUFMAN, JJ. (J. H. GILLIS, P.J., dissenting), affirmed in an unpublished opinion per curiam (Docket No. 73810). The Supreme Court reversed the decision of the Court of Appeals and remanded the case to the Workers' Compensation Appeal Board for further findings of fact. 426 Mich 612 (1986). On remand, the board again found that the decedent's alcoholism and the resulting disability were compensable under the Workers' Disability Compensation Act. The defendants appealed by leave granted.

The Court of Appeals held:

1. Although the decedent was predisposed to alcoholism before he was hired by the defendant employer, he was not an alcoholic when he was hired. Rather, it was the unique circumstances of the employment which shaped the course of the decedent's disease, aggravating and accelerating the underlying predisposition to alcoholism to the point of uncontrolled addiction, thus constituting a personal injury under the act.

2. Regardless of whether a personal injury analysis or an

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 234, 296, 298.
See the Index to Annotations under Alcoholics and Alcoholism; Intoxicating Liquors; Workers' Compensation.

occupational disease analysis is employed, the decedent's condition is compensable. An ordinary disease of life, like alcoholism, can be compensable as an occupational disease if exposure to the disease is increased by inherent characteristics of the employment.

Affirmed.

1. WORKERS' COMPENSATION — OCCUPATIONAL DISEASES — ORDINARY DISEASES OF LIFE — ALCOHOLISM.

Alcoholism is an ordinary disease of life which can be compensable as an occupational disease if exposure to the disease is increased by inherent characteristics of the employment (MCL 418.301, 418.401[2]; MSA 17.237[301], 17.237[401][2]).

2. WORKERS' COMPENSATION — OCCUPATIONAL DISEASES — ORDINARY DISEASES OF LIFE — PERSONAL INJURY — ALCOHOLISM.

The determination of whether an employee's alcoholism is an occupational disease or an ordinary disease of life is irrelevant if the disease was aggravated, accelerated, or contributed to by the employment and resulted in disability; aggravation or acceleration of or contribution to an employee's underlying predisposition to alcoholism as a circumstance of employment constitutes a personal injury, compensable under the Workers' Disability Compensation Act (MCL 418.301, 418.401[2]; MSA 17.237[301], 17.237[401][2]).

*Miller, Cohen, Martens & Ice, P.C.* (by *Norton J. Cohen* and *Susan B. Cope*), for the plaintiff.

*Charfoos, Reiter, Peterson & Holmquist, P.C.* (by *Myron B. Charfoos*), for the defendants.

AFTER REMAND

Before: BRENNAN, P.J., and MAHER and NEFF, JJ.

NEFF, J. Defendants appeal from a decision of the Workers' Compensation Appeal Board, which essentially found that the decedent's alcoholism and the resulting disability were compensable under the Workers' Disability Compensation Act.

Reduced to its essence, the lengthy opinion of

the appeal board reached the following conclusions:

1. The decedent clearly had the disease of alcoholism and whether this disease was an occupational disease or an ordinary disease of life is irrelevant if the disease was aggravated, accelerated, or contributed to by the employment, thereby resulting in disability. Aggravation or acceleration of or contribution to the decedent's underlying condition would constitute a personal injury under the Workers' Disability Compensation Act. *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1; 268 NW2d 1 (1978); *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963); *Kubicsek v General Motors Corp,* 57 Mich App 517; 226 NW2d 546 (1975); *Gibbs v Keebler Co,* 56 Mich App 690; 224 NW2d 698 (1974).

2. Alcoholism, like cardiovascular disease, is an ordinary disease of life, and the allegation is that the course of the disease was contributed to by the employment. Therefore, *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), and *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982), apply to the case at bar.

3. While the decedent was predisposed to alcoholism before he was hired by defendant, he was not an alcoholic when he was hired. The unique circumstances of the employment shaped the course of the decedent's disease, aggravating and accelerating the underlying predisposition to alcoholism to the point of uncontrolled addiction, thus constituting a personal injury under the act. *Deziel, supra.*

4. The aggravation or acceleration of the decedent's alcoholic propensities occurred as a circumstance of the employment relationship.

5. Whether a personal injury analysis or an occupational disease analysis is employed in this case, the decedent's condition is compensable. An ordinary disease of life can be compensable as an occupational disease if exposure to the disease is increased by inherent characteristics of the employment, as existed in this case. *Mills v Detroit Tuberculosis Sanitarium,* 323 Mich 200; 35 NW2d 239 (1948).

After review of the record, the parties' briefs, and oral argument, we conclude that the wcab correctly decided this case, and, accordingly, we affirm and adopt the board's opinion and order.

Affirmed.