BODEN v DETROIT LIONS, INC (ON REMAND)

Docket No. 130108. Submitted January 16, 1992, at Detroit. Decided
March 3, 1992, at 9:05 A.M. Leave to appeal sought.

Lynn R. Boden sought workers' compensation benefits from De-
troit Lions, Inc., and Chicago Bears Football Club, Inc., for
injuries sustained first as a football player for the Lions and
later as a player for the Bears in a game played against the
Lions in Pontiac, Michigan. A hearing referee of the Bureau of
Workers' Disability Compensation found both teams to be liable
to pay benefits. The plaintiff and the Bears sought review by
the Workers' Compensation Appeal Board, which reversed the
hearing referee's decision and also denied the plaintiff's request
for assessment of penalties for the Bears' failure to make
timely payments of seventy percent of the awarded benefits
while it appealed the hearing referee's decision. The Court of
Appeals denied the plaintiff leave to appeal. The Supreme
Court, in lieu of granting leave, remanded the case to the Court
of Appeals for consideration as on leave granted. 434 Mich 925
(1990).

On remand, the Court of Appeals *held:*

1. In the absence of fraud, findings of fact by the Workers'
Compensation Appeal Board are conclusive, and the Court of
Appeals will not disturb them where there is competent evi-
dence on the record to support them. In this case, there was
competent evidence to support the board's finding that the
plaintiff's disability was not attributable to any activity in
Michigan.

2. The board, in ignoring testimony it believed to be incredi-
ble, did not engage in selective fact finding.

3. The board erred in refusing to assess penalties pursuant to
MCL 418.801(2); MSA 17.237(801)(2) for the Bears' failure to
pay seventy percent of the awarded benefits, as required by
MCL 418.862; MSA 17.237(862), while it appealed the hearing
referee's decision. The board's denial was consistent with *De-
Kind v Gale Mfg Co,* 125 Mich App 598 (1983), in which it was

REFERENCES

Am Jur 2d, Workmen's Compensation § 658.
See the Index to Annotations under Workers' Compensation.

implied that penalties under § 801(2) may not be imposed unless the employer had actual notice of the employee's petition for penalties. *DeKind* is no longer good law. Henceforth, an employer's receipt of an order or decision awarding benefits to the employee is sufficient notice of its obligation to pay benefits in a timely fashion.

Affirmed but remanded for an assessment of penalties against the Bears.

WORKERS' COMPENSATION — FAILURE TO PAY BENEFITS — PENALTY.

An employer's receipt of an order or decision awarding workers' compensation benefits to its employee constitutes sufficient notice to the employer of its obligation to pay the benefits in a timely fashion; the employer need not have actual notice of a petition for the imposition of a penalty for a delinquent payment of benefits before such a penalty may be imposed (MCL 418.801[2]; MSA 17.237[801][2]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*), for the plaintiff.

*Meyer & Reseigh, P.C.* (by *John D. Reseigh*), for Detroit Lions, Inc.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for Chicago Bears Football Club, Inc.

ON REMAND

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Plaintiff appeals from two orders issued by the Workers' Compensation Appeal Board mailed on March 14, 1989. The first order reversed a January 4, 1984, decision of a hearing referee granting plaintiff compensation benefits. The second order affirmed an April 30, 1987, order of the referee dismissing plaintiff's petitions for penalties against defendant Bears for failure to pay partial benefits as required by statute. Initially, this Court denied leave to appeal in an

order dated October 5, 1989. Our Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted. *Boden v Detroit Lions, Inc,* 434 Mich 925; 456 NW2d 418 (1990). We affirm and remand.

Plaintiff played college football at South Dakota State University until 1975. He was then selected to play on the offensive line by defendant Lions in the 1975 National Football League draft. He was defendant's first-round pick and was the thirteenth player selected overall. Plaintiff played for defendant Lions from 1975 through the 1978 season. In August of 1979, defendant Lions released plaintiff, and he was subsequently hired by defendant Bears later that year. Plaintiff played for defendant Bears during the 1979 season, including one game against defendant Lions in the Pontiac Silverdome on November 22, 1979. Plaintiff played his last professional football game when defendant Bears played Philadelphia in a playoff game at the end of 1979.

Plaintiff filed a claim against defendant Lions and defendant Bears demanding compensation for injuries he received with each team. Plaintiff claimed he was injured on September 24, 1978 (defendant Lions), September 9, 1979 (defendant Bears), and November 22, 1979 (defendant Bears while playing defendant Lions in Michigan). Plaintiff claimed that, on all of these dates, he sustained the same type of injury to his left knee. Plaintiff claimed that these injuries to his knee led to a deterioration of his skills and hampered his ability to find work as a professional football player.

A hearing was held before the Bureau of Workers' Disability Compensation on July 26, October 6, and December 6, 1982. The bureau mailed a decision on January 4, 1984, finding defendants liable

for payment of benefits on the basis of the injuries noted above. Plaintiff and defendant Bears filed applications for review by the Workers' Compensation Appeal Board, which reversed the decision of the bureau. The WCAB found that plaintiff failed to prove that his disability was attributable to any activity in Michigan.

Plaintiff raises several arguments asking this Court to reverse the findings of fact made by the WCAB. However, absent fraud, findings of fact by the WCAB are conclusive. MCL 418.861; MSA 17.237(861); *Wood v Fabricators, Inc,* 189 Mich App 406, 418-419; 473 NW2d 735 (1991). We will not disturb these findings if there is any competent evidence on the record to support them. *Id.* at 419. A review of the record discloses that there was competent evidence to support the board's findings. Accordingly, we will not disturb them.[1]

Plaintiff does contend that the WCAB violated the rule expressed by our Supreme Court in *Martin v Ford Motor Co,* 401 Mich 607, 621; 258 NW2d 465 (1977). In *Martin,* our Supreme Court cautioned the WCAB against engaging in selective fact finding to subvert the will of the Court and the Legislature. The WCAB did not violate this rule in the case at bar. The WCAB found that plaintiff's expert testimony suffered some inconsistencies. We do not believe that the WCAB violates the rule in *Martin*

---

[1] Plaintiff also argues that the date of injury for which compensation should be awarded is August 21, 1979 (the date plaintiff was released from defendant Lions' organization). However, the WCAB found that plaintiff failed to establish that a Michigan employer was a source of disability, making the last date of employment with defendant Lions irrelevant for the purpose of assessing compensation. Plaintiff's reliance on *Smith v Lawrence Baking Co,* 370 Mich 169; 121 NW2d 684 (1963), is misplaced. The plaintiff in *Smith* had established that a Michigan employer was partially responsible for his disability. *Smith* is inapplicable where, as here, a plaintiff fails to establish that a Michigan employer was a contributor to the disability.

when it ignores testimony that it believes is without credibility.

Plaintiff's final argument is that the WCAB erred in refusing to assess penalties against defendant Bears for failure to pay the seventy-percent benefits required during the time the case was being appealed. MCL 418.862; MSA 17.237(862). Pursuant to the decision of January 4, 1984, defendant Bears was obligated to pay benefits to plaintiff. Defendant Bears failed to make payments, which prompted plaintiff to file several petitions for penalties under MCL 418.801(2); MSA 17.237(801)(2). Between the time plaintiff filed his petitions and the time defendant Bears received notice of the petitions, defendant Bears payed the delinquent benefits.[2] Defendant Bears argued that it was not liable to plaintiff for penalties because it was not notified that plaintiff was requesting them until after the delinquent payments were made. Defendant Bears relied on this Court's decision in *De-Kind v Gale Mfg Co,* 125 Mich App 598; 337 NW2d 252 (1983). The hearing referee denied plaintiff's request for penalties, and the WCAB affirmed.

Although the WCAB correctly applied *DeKind,* we nevertheless reverse because we no longer believe that *DeKind* is good law. In *DeKind,* this Court implied that a plaintiff could not collect penalties under MCL 418.801(2); MSA 17.237(801) (2) if the defendant did not have actual notice of the plaintiff's petition for penalties for failure to pay the benefits due. This Court read the notice provision into the statute in order to prevent plaintiffs from "sandbagging."[3] In *Townsend v M-R*

---

[2] Defendant Bears paid the delinquent benefits because it was notified that the WCAB would not entertain its appeal without proof that it paid benefits.

[3] In *DeKind, supra,* the disabled employee filed only one petition for several payment periods missed by the employer. The employee

*Products, Inc,* 436 Mich 496, 502; 461 NW2d 696 (1990), our Supreme Court criticized this Court's interpretation of the penalty statute. Our Supreme Court held that the penalty statute must be interpreted so that no more than $1,500 in penalties may be added for all periods in which the disabled employee claims a failure to pay benefits in a timely fashion. *Id.* at 504.

We believe that this Court erred in establishing a notice requirement before penalties under MCL 418.801(2); MSA 17.237(801)(2) may be applied. The receipt of an order or decision awarding benefits to the employee is sufficient to put the employer on notice of his obligation to pay benefits in a timely fashion. While it is true that, in the present case, the payment of penalties is inequitable in light of the fact that this Court affirms the denial of benefits in this case, public policy dictates that the employer pay penalties for a deliberate failure to pay in a timely fashion. It is not this Court's function to amend a statute to prevent inequity, rather it is the function of the Legislature to draft statutes that produce equitable results. Our hands are tied in this case and we leave amendment of the statute to the Legislature, if it deems amendment appropriate.

We affirm the order of the WCAB denying plaintiff benefits. However, we remand this case to the bureau for an assessment of the proper penalties against defendant Bears. We do not retain jurisdiction.

demanded $50 per day for all of the days missed. The WCAB limited the recovery to $1,500, because the employee failed to place the employer on notice for each period. This Court found that, in order to best effectuate the intent of the Legislature, the employee should be required to file a petition for each payment period missed. This Court found that the statute did not limit the employee to a total of $1,500 in penalties, rather the $1,500 limit was for each period.