PULVER v DUNDEE CEMENT COMPANY

Docket No. 137082. Submitted June 2, 1992, at Lansing. Decided
September 21, 1992, at 9:05 A.M. Leave to appeal sought.

Carolyne L. Pulver sought a hearing before the Bureau of Work-
ers' Disability Compensation after Dundee Cement Company
terminated voluntary payments of workers' compensation bene-
fits to her on the ground that she refused its offer of favored
work without good and reasonable cause. MCL 418.301(5)(a);
MSA 17.237(301)(5)(a). The offer was for employment in Michi-
gan, and was made immediately after Pulver had moved to
Florida. A hearing referee determined that, although the offer
was bona fide and was for reasonable employment, Pulver had
reasonably refused it, thereby entitling her to continued work-
ers' compensation benefits. The Workers' Compensation Appeal
Board affirmed. Dundee appealed by leave granted.

The Court of Appeals held:

An employee may refuse an offer of favored work and main-
tain eligibility for workers' compensation benefits only where
the refusal furthers the purposes of the workers' compensation
act, one of which is to have the employee return to gainful
employment as soon as possible. An employee who moves from
the locality of favored work, unless there is employment at the
new location, thwarts the purposes of the act in rejecting an
offer of favored work. Because Pulver had no employment in
Florida, she had to accept the offer of favored work or lose
workers' compensation benefits.

Reversed.

WAHLS, J., dissenting, stated that, in light of the timing of
Dundee's offer and the great distance between Pulver's resi-
dence and the location of the offered employment, the offer was
not reasonable, and Pulver's refusal was for good and reason-
able cause.

WORKERS' COMPENSATION — OFFERS OF FAVORED WORK — UNREASON-
ABLE REFUSAL.

A disabled employee who relocates while receiving workers'

REFERENCES
Am Jur 2d, Workers' Compensation §§ 399, 431.
See the Index to Annotations under Workers' Compensation.

compensation benefits, does not secure employment at the new location, and is extended a bona fide offer of favored work by the employer must accept the offer or forgo benefits (MCL 418.301[5][a]; MSA 17.237[301][5][a]).

*Zamler, Mellen & Shiffman, P.C.* (by *Joel Jonas*), for the plaintiff.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Thomas L. Fleury* and *Christopher M. Murray*), for the defendant.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

TAYLOR, J. Plaintiff injured her left hand in the course of employment with defendant in August 1984. Defendant voluntarily paid workers' compensation benefits to her. She never returned to work for more than a half-day, and eventually moved to Florida. Plaintiff did not work while in Florida, and defendant continued to pay her workers' compensation benefits. Shortly after her move, defendant offered plaintiff favored work. Although she initially accepted the offer, she did not return. Defendant terminated her benefits, and plaintiff sought redress, arguing that her refusal to accept the favored work was reasonable and that defendant should not be relieved of its duty to pay her workers' compensation benefits.

At the time of plaintiff's injury, MCL 418.301; MSA 17.237(301), being § 301 of the Workers' Disability Compensation Act,[1] provided:

(5) If disability is established . . . entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:
(a) If an employee receives a bona fide offer of

---

[1] MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

reasonable employment from a previous employer
. . . and the employee refuses that employment
without good and reasonable cause, the employee
shall be considered to have voluntarily removed
. . . herself from the work force and is no longer
entitled to any wage loss benefits under this act
during the period of such refusal.

\* \* \*

(9) "Reasonable employment", as used in this
section, means work that is within the employee's
capacity to perform that poses no clear and proxi-
mate threat to that employee's health and safety,
and that is within a reasonable distance from that
employee's residence. . . .

The hearing referee found that under § 17 5(a)
the offer of favored work was a bona fide offer of
reasonable employment, but that plaintiff had rea-
sonably refused it. Accordingly, the referee
granted plaintiff an open award of benefits. On
defendant's appeal, the Workers' Compensation
Appeal Board found that neither party had acted
unreasonably or in bad faith because the problem
was simply one of miscommunication.

The only disputed issue properly before us in
this appeal is whether plaintiff unreasonably re-
fused defendant's bona fide offer of favored work.
We conclude that the appeal board's decision that
plaintiff is entitled to continuing benefits because
her refusal of favored work was reasonable is
based on an error of law and should therefore be
reversed. *Cox v Schreiber Corp,* 188 Mich App 252,
256; 469 NW2d 30 (1991).

` The favored-work doctrine was originally a
purely judicial creation. *Bower v Whitehall
Leather Co,* 412 Mich 172, 182; 312 NW2d 640
(1981). The heart of the doctrine, as it developed
from the 1930s, was that the purpose of the Work-
ers' Disability Compensation Act was not merely

to compensate an employee while incapacitated, but also was in the interest of the employer, the employee, and the public to have the employee return to gainful employment as soon as possible. *DeTroyer v Ernst Kern Co,* 282 Mich 689, 694; 277 NW 199 (1937); *Lynch v Briggs Mfg Co,* 329 Mich 168, 172; 45 NW2d 20 (1950); *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966); *Bower, supra,* 182, 191. Regarding the ability of the employee to refuse favored work, the *Bower* Court held that the employee could refuse the favored work only if the refusal furthered the policies of the act. In so holding, the Court discussed the fact that removing oneself from the locality of the favored work, unless there was employment in the other place, served to thwart those policies. *Id.,* 196.

Within a year of the decision in *Bower,* the favored-work doctrine was codified in an amendment of the Workers' Disability Compensation Act, with the Legislature clearly intending to incorporate the doctrine in the statute. In this effort, the Legislature did not define "good and reasonable cause" for refusing favored work; thus, the *Bower* standard of testing a refusal on the basis of the stated purposes of the favored-work doctrine affords the only reasonable indicator of legislative intent. Using that standard, it is clear that, inasmuch as plaintiff did not have employment in Florida, her choices, when favored work was offered by defendant, were to accept such work or have her disability benefits terminated. Any other resolution would be contrary to the purpose of the act, as interpreted by our Supreme Court and as enacted, in acquiescence to that interpretation, by the Legislature.

In this case, plaintiff's actions did not further the policies of the act, and her refusal of favored

work was therefore unreasonable. Accordingly, the decision of the Workers' Compensation Appeal Board awarding benefits to plaintiff is reversed.

WEAVER, P.J., concurred.

WAHLS, J. *(dissenting).* I respectfully dissent. I believe that the majority misconstrues our Supreme Court's holding in *Bower v Whitehall Leather Co,* 412 Mich 172; 312 NW2d 640 (1981). I further believe that the majority has ignored the factual findings of the Workers' Compensation Appeal Board in reaching its decision. I would hold that plaintiff had just and reasonable cause to refuse the offer of favored work and that the offer was not one of "reasonable employment."

After receiving workers' compensation benefits for slightly less than two years, plaintiff sold all her possessions and moved to Florida. Defendant extended its offer of favored work to plaintiff one month after she relocated. The WCAB found that plaintiff intended to reside in Florida permanently and that she had been seeking employment there. These findings are supported by competent evidence on the record and no fraud has been alleged. This Court may therefore not disturb those findings, *Boden v Detroit Lions, Inc (On Remand),* 193 Mich App 203, 206; 483 NW2d 673 (1992).

*Bower, supra,* held that not only should the reasonableness and good faith of an employer's offer of favored work be considered in determining whether a claimant is disqualified from receiving benefits, but that the reasonableness and good faith of an employee's refusal should also be examined. The distance between an employee's residence and the location of the work offered is a consideration in assessing the reasonableness of both the offer and the refusal. MCL 418.301(9);

MSA 17.237(301)(9); *Bower, supra,* p 196, n 16. Application of the reasonableness standard requires a court to examine all the facts and circumstances in each case. *Id.,* p 185.

*Bower,* however, most certainly does not stand for the proposition that an employee's refusal is unreasonable per se where the employee is not otherwise employed at the time the offer is made, as the majority seems to hold. The majority reaches this conclusion by referring to the *Bower* Court's admonishment that a claimant cannot avoid a good-faith offer by removing himself from the locality of the employer; in other words, by creating an unreasonable distance for the purpose of avoiding work. *Id.,* p 196. Allowing benefits in that circumstance would not further the purpose of the act. *Id.* I agree with this policy, but do not understand it to require that an employee must actively work in the new locale as a precondition for finding that a relocated employee's refusal of an offer is reasonable. Is the employee to be given no allowance of time to find work? Or may, for example, an employer escape paying benefits by offering favored work to a distant employee on the day after the employee moves? It is my belief that such a requirement would not serve the purpose of the act because it would discourage disabled employees from relocating and seeking employment in other states with better job prospects than Michigan. In the present case, not even an inference of bad faith or an attempt to avoid work on plaintiff's part may be drawn from the WCAB's findings. In light of the distance between plaintiff's Florida residence and the location of the job offered, and viewing all the other facts and circumstances of the case, I would affirm the WCAB's conclusion that plaintiff's refusal was with good and reasonable cause.

Moreover, even though the WCAB found that defendant's offer was bona fide, I would hold that the offer itself was not an offer of "reasonable employment" as that term is defined by MCL 418.301(9); MSA 17.237(301)(9). Plaintiff's residence, at the time the offer was made, was Florida, and it is patently obvious that a job in Michigan is not within a reasonable distance from Florida. *Id.*

I would affirm the order of the WCAB.