ABBEY v CAMPBELL, WYANT & CANNON FOUNDRY
(ON REMAND)

Docket No. 139329. Submitted May 5, 1992, at Grand Rapids. Decided
May 18, 1992, at 9:45 A.M.

Charles Abbey sought workers' compensation benefits from his
employer, Campbell, Wyant & Cannon Foundry, and its in-
surer, Aetna Casualty & Surety Company, for a dual disability
involving a back injury and lung disease. The Silicosis, Dust
Disease, and Logging Industry Compensation Fund was also
named as a party because the plaintiff's lung disease was
attributable to exposure to dust. Campbell, Aetna, and the fund
agreed that sixty-five percent of the plaintiff's disability was
attributable to his lung disease and thirty-five percent to his
back injury. A dispute arose concerning whether the entire
amount of weekly benefits paid to the plaintiff should be
considered in determining when the threshold for reimburse-
ment from the fund had been reached. The magistrate held
that the benefits paid should be apportioned, with sixty-five
percent of the total amount paid being used to determine when
the threshold had been reached. The Workers' Compensation
Appellate Commission, by a two to one vote, affirmed. The
Court of Appeals denied Campbell and Aetna's application for
leave to appeal. The Supreme Court, in lieu of granting leave to
appeal, remanded the case to the Court of Appeals for consider-
ation as on leave granted. 437 Mich 929 (1991).

On remand, the Court of Appeals *held:*

1. The magistrate and the Workers' Compensation Appellate
Commission correctly determined that the amount of compen-
sation to be paid must be adjusted on the basis of the appor-
tionment made with regard to the total disability. Before
reimbursement is available from the fund under MCL 418.535;
MSA 17.237(535), the apportionment of the disability must also
be reflected in the threshold amount.

2. The commission majority and the magistrate erred in
calculating the point at which Campbell and Aetna would

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 303, 342-346, 384.
See the Index to Annotations under Workers' Compensation.

reach the threshold. The dissenting member of the commission panel employed the correct reasoning and mathematics. The majority opinion of the panel must be modified to reflect the proper calculations.

3. The majority opinion of the commission complied with the general requirements of MCL 418.861a; MSA 17.237(861a). The commission need not revisit issues involving questions of law already thoroughly and correctly decided by the magistrate, but need correct or clarify the magistrate's decision only where necessary. The adoption of the magistrate's decision was appropriate as a procedural matter.

Affirmed in part, reversed in part, and modified.

WORKERS' COMPENSATION — SILICOSIS, DUST DISEASE, AND LOGGING INDUSTRY COMPENSATION FUND — MULTIPLE CAUSES OF DISABILITY — REIMBURSEMENT.

Workers' compensation benefits paid to an employee whose disability, resulting from employment by a single employer, has two contributing causes, one covered and one not covered by the Silicosis, Dust Disease, and Logging Industry Compensation Fund, must be apportioned and only the amount reflecting the percentage of the benefits representing the covered dust disease may be considered in determining when the employer has reached the threshold amount permitting reimbursement from the fund (MCL 418.531, 418.535; MSA 17.237[531], 17.237[535]).

*Frank J. Kelley*, Attorney General, *Gay Secor Hardy*, Solicitor General, and *Morrison Zack*, Assistant Attorney General, for the Silicosis, Dust Disease, and Logging Industry Compensation Fund.

*Cholette, Perkins & Buchanan* (by *Stephen C. Oldstrom*), for Campbell, Wyant & Cannon Foundry and Aetna Casualty & Surety Company.

ON REMAND

Before: HOOD, P.J., and CONNOR and R. C. KAUFMAN,* JJ.

CONNOR, J. Aetna Casualty & Surety Company

* Circuit judge, sitting on the Court of Appeals by assignment.

and Campbell, Wyant & Cannon Foundry appeal by leave granted from a decision of the Workers' Compensation Appellate Commission. This Court originally denied the application for leave to appeal. In lieu of granting leave to appeal, the Supreme Court remanded the case back to this Court for consideration as on leave granted. 437 Mich 929 (1991). We affirm the decision of the Workers' Compensation Appellate Commission in part, but modify its calculation of benefits that must be paid.

I

The facts of this case are generally agreed upon by the parties. No one disputes the fact that plaintiff has a work-related disability and therefore qualifies for workers' compensation. Plaintiff's employer was Campbell, Wyant & Cannon Foundry. Aetna Casualty & Surety Company is Campbell's workers' compensation insurance carrier. The Silicosis, Dust Disease, and Logging Industry Compensation Fund was named a party in this case as a result of the plaintiff's dust disease disability.

On the first scheduled day of trial in this case, Campbell and Aetna agreed to pay benefits to plaintiff at the full compensation weekly rate of $314.63. Plaintiff's last day of work was September 16, 1986. Plaintiff suffered from a dual disability: an injury to his back, attributable to lifting on the job, and a lung disease, attributable to an exposure to dust. Campbell, Aetna, and the fund agreed that sixty-five percent of plaintiff's disability was attributable to his lung disease, while the other thirty-five percent was attributable to his back injury.

The only dispute between the parties was how much Campbell and Aetna had to pay before the

fund would reimburse them for plaintiff's weekly benefits. The parties were also able to agree that once the threshold amount was paid, the fund would reimburse Campbell and Aetna for sixty-five percent of plaintiff's weekly rate, or $204.51 a week.

The magistrate ruled in favor of the fund in a decision issued on March 31, 1989, that under MCL 418.531; MSA 17.237(531) and MCL 418.535; MSA 17.237(535) Aetna and Campbell must pay $50,340.80 before the fund would be required to reimburse them for sixty-five percent of the weekly rate. This figure was arrived at by multiplying a weekly rate of $314.63 times 104 weeks and dividing that figure by sixty-five percent. Aetna and Campbell had argued that they should have to pay only $32,721.52 in weekly benefits before being entitled to reimbursement by the fund. Under Aetna and Campbell's position, the total amount of weekly benefits that they paid, including the portion attributable to the back disability, would be considered in determining when the threshold for reimbursement had been reached.

Campbell and Aetna appealed the magistrate's decision to the Workers' Compensation Appellate Commission. It was argued before the WCAC that the magistrate's calculation of the threshold limit was erroneous as a matter of law.

The WCAC affirmed the magistrate's decision, in a decision issued on March 27, 1990, by a two-to-one vote. Campbell and Aetna appeal from that decision.

II

Under the Workers' Disability Compensation Act (WDCA), employers involved in certain injuries

are entitled to have some benefits paid to employees reimbursed through a fund. MCL 418.531; MSA 17.237(531) is the statute that establishes the right to reimbursement. Subsection 1 of that statute provides as follows:

> In each case in which a carrier including a self-insurer has paid, or causes to be paid, compensation for disability or death from silicosis or other dust disease, or for disability or death arising out of and in the course of employment in the logging industry, to the employee, the carrier including a self-insurer shall be reimbursed from the silicosis, dust disease, and logging industry compensation fund for all sums paid in excess of $12,500.00 for personal injury dates before July 1, 1985, and for all compensation paid in excess of $25,000.00 or 104 weeks of weekly compensation, whichever is greater, for personal injury dates after June 30, 1985, excluding payments made pursuant to sections 315, 319, 345, and 801(2), (4), and (5) which have been paid by the carrier including a self-insurer as a portion of its liability. [MCL 418.531(1); MSA 17.237(531)(1).]

MCL 418.535; MSA 17.237(535) discusses apportionment involving disabilities for dust diseases:

> If an employee's disability is caused by a combination of silicosis or other dust disease, or arose in the course of employment in the logging industry, and other compensable causes, a hearing referee or worker's compensation magistrate, as applicable, shall apportion the amount of disability between that due to silicosis or other dust disease, or to employment in the logging industry, and other compensable causes. *The trustees of the silicosis, dust disease, and logging industry compensation fund shall reimburse the employer liable for compensation for that portion of compensation paid in excess of $12,500.00 for personal injury dates before July 1, 1985, and for all compensation paid in*

*excess of $25,000.00 or 104 weeks of weekly compensation, whichever is greater, for personal injury dates after June 30, 1985, that the silicosis or other dust disease disability, or disability arising out of and in the course of employment in the logging industry, bears to the total disability.* [Emphasis added.]

The issue before this Court is how the threshold, after which reimbursement is available to the employer or insurer, should be computed where there is only one employer but two contributing causes of the disability, one covered by the fund and another not covered by the fund.

Aetna and Campbell argue that the total amount of workers' compensation weekly benefits paid to plaintiff, without apportionment between the two causes of disability, should be used. Under this interpretation, the threshold for reimbursement would be reached earlier. The fund, however, contends that because the disability is subject to apportionment with regard to the causes, the weekly benefits paid should be apportioned similarly, with the figure of sixty-five percent representing the dust disease disability. This would extend the amount of benefits that need to be paid by Aetna and Campbell before the threshold will be reached.

Although this precise issue has not been addressed by this Court previously, other panels have addressed similar problems. In *Cotton v Campbell, Wyant & Cannon Foundry,* 57 Mich App 52, 57-58; 225 NW2d 187 (1974), this Court held that Campbell could not combine the amount of benefits that it was paying the plaintiff for a dust disease disability with the benefits paid by another employer for a disability not attributable to a dust disease, in order to reach the threshold faster.

Recently, in *Nelligan v Gibson Insulation Co,*

193 Mich App 274, 277-278; 483 NW2d 460 (1992), the effect of recoupment of benefits under MCL 418.827; MSA 17.237(827) was considered in association with the threshold limit of MCL 418.531; MSA 17.237(531). The Court held that before an employer or its insurer could obtain reimbursement from the fund, the employer or insurer had to demonstrate that they suffered an out-of-pocket loss exceeding the threshold amount after subtracting any monies recouped, or entitled to be recouped, from a third party pursuant to MCL 418.827; MSA 17.237(827). *Nelligan* at 282.

In its opinion, the *Nelligan* panel noted that in interpreting statutes, the primary rule is to determine and effectuate the Legislature's intent. To do this, the statute should be given a reasonable construction, considering the purpose of the statute and the object to be accomplished. *Id.* at 280. An act should be read in its entirety, so that the meaning given to one section is harmonious with that given to other sections and to avoid absurd consequences. *Id.* Because of the WCAC's expertise, its decision is given due deference. *Id.* at 281.

After reviewing the language of MCL 418.535; MSA 17.237(535), and reading that statute as a whole, we believe the magistrate and the WCAC reached the correct result. The purpose behind the establishment of the fund is to compensate employees for certain industry-wide diseases by spreading the cost of benefits in those industries to all Michigan employers, thereby protecting the specified employers from financial ruin. *Stottlemeyer v General Motors Corp,* 399 Mich 605, 611-612; 250 NW2d 486 (1977). "The fund was created to cushion threatened industries, not to limit the liability of all employers if by happenstance an employee should suffer from a dust disease." *Id.* at 612.

The last sentence of MCL 418.535; MSA 17.237(535) states that reimbursement is available from the fund "for all compensation paid in excess of $25,000.00 or 104 weeks of weekly compensation, whichever is greater, . . . that the silicosis or other dust disease disability . . . bears to the total disability." Reading this statute as a whole, the amount of compensation paid by the employer or insurer must be adjusted on the basis of the apportionment made with regard to the total disability. We believe this also means that before reimbursement is available, the apportionment of the disability must also be reflected in the threshold amount. To hold otherwise would ignore the Legislature's clear intent to allow reimbursement only for disabilities covered by the fund. In this case, Campbell and Aetna are liable to plaintiff for benefits as a result of a partial disability not covered by the fund. We cannot ascertain any reason why Campbell and Aetna should be permitted to supplement the threshold by adding in the benefits they are required to pay plaintiff for his back injury, which is not covered by the fund. Consequently, we believe both the magistrate and the WCAC were correct in determining that the apportionment must be made to the threshold amount.

However, we believe the magistrate and the WCAC both erred in calculating at what point Campbell and Aetna would reach the threshold. One member of the WCAC dissented, and we adopt both the reasoning and the mathematics employed by the dissent.

The magistrate and the WCAC majority used the following calculations in this case:

$314.63 times 104 weeks, divided by 65% equals $50,340.80 in benefits that Campbell and Aetna must pay before reimbursement.

The dissenting member of the WCAC used the following calculations:

> $314.63 times 65% equals $204.51 times 104 weeks, equals $21,269.04. This amount is less than $25,000, therefore benefits beyond 104 weeks must be paid. $25,000 divided by $204.51 equals just over 122 weeks, therefore the threshold is actually $38,384.86 when the non-dust disability is added to the benefits paid.

Campbell and Aetna have used the full weekly compensation rates they pay plaintiff to try to justify their position that in order to meet the threshold amount they unfairly must pay plaintiff either more than $314.63 a week or they must pay for more than 104 weeks. The arguments offered with regard to this point ignore the language of MCL 418.531(1); MSA 17.237(531)(1). Campbell and Aetna, according to that statute, must pay either $25,000 or benefits for 104 weeks, whichever is greater, before reimbursement is available. At a rate of $314.63 a week for both disabilities, this amount should be reduced to $204.51 to reflect that portion of the benefits attributable to the disability covered by the fund, or sixty-five percent of the weekly rate. The weekly rate need not be increased, but the accounting of benefits paid must reflect the apportionment. Accordingly, at an apportionment rate of $204.51 a week, after 104 weeks Campbell and Aetna will have paid $21,269.04 in benefits for plaintiff's dust disease. Consequently, Campbell and Aetna will not have reached the alternative threshold of $25,000 for reimbursement. Therefore, additional benefits of $3,730.96, attributed to the dust disease disability only, must be paid before reimbursement is available. At the rate of $204.51, Campbell and Aetna will fulfill this requirement with just over eighteen

additional weeks of payments. The dissenting member of the WCAC correctly apportioned the benefits to arrive at the total benefits Campbell and Aetna must pay before reimbursement is available. We therefore modify the WCAC's opinion in this case in part to conform with the dissenting opinion of Commissioner Sharon L. Smith.

III

Campbell and Aetna also argue on appeal that the WCAC failed to include a reasoned analysis of this case in its majority opinion and, consequently, the opinion did not comply with MCL 418.861a(13); MSA 17.237(861a)(13).

Before the WDCA was revised by 1985 PA 103, the Workers' Compensation Appeal Board (WCAB) enjoyed broad powers, including review de novo of the hearing referees' decisions. *Palmer v ITT Hancock,* 189 Mich App 509, 510-511; 474 NW2d 136 (1991). However, with the replacement of the WCAB by the WCAC, the authority to review the magistrates' decisions is drastically less. *Id.* at 511. Now the burden falls on the magistrates to issue concise written opinions stating all findings of fact and conclusions of law. MCL 418.847(2); MSA 17.237(847)(2). *Palmer* at 511. See also *Holden v Ford Motor Co,* 439 Mich 257; 484 NW2d 227 (1992).

The WCAC's powers are defined in MCL 418.861a; MSA 17.237(861a). That statute provides in pertinent part as follows:

(3) Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. As used in this subsection, "substantial evidence" means such evi-

dence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.

\* \* \*

(10) The commission or a panel of the commission, may adopt, in whole or in part, the order and opinion of the worker's compensation magistrate as the order and opinion of the commission.

(11) The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed.

\* \* \*

(13) A review of the evidence pursuant to this section shall include both a qualitative and quantitative analysis of that evidence and ensure a full, thorough, and fair review thereof.

In this case, the appeal to the WCAC involved only the legal issue regarding how to calculate the threshold amount as the Legislature intended. The pertinent facts were not disputed, and the appeal did not involve evidentiary issues. Because the issue before the WCAC was a question of law, the standards expressed in MCL 418.861a(13); MSA 17.237(861a)(13) are inapplicable, and we believe the WCAC's majority opinion was adequate to comply with the general requirements of MCL 418.861a; MSA 17.237(861a). We note in particular that MCL 418.861a(10); MSA 17.237(861a)(10) allows the WCAC to adopt the magistrate's opinion. The WCAC need not revisit issues involving questions of law already thoroughly and correctly decided by the magistrate, but need correct or clarify the magistrate's decision only as may be necessary. Although we disagree with a portion of the WCAC's decision in this case, we believe the adoption of the magistrate's decision was nonetheless appropriate as a procedural matter.

Affirmed in part, reversed in part, and modified.