### KRUEGER v SIMPLICITY PATTERN COMPANY

Docket No. 123758. Submitted March 3, 1992, at Lansing. Decided October 5, 1992, at 9:05 A.M. Leave to appeal sought.

William F. Krueger, Jr., sought workers' compensation benefits from his former employer, Simplicity Pattern Company, and its insurer, Travelers Insurance Company. Krueger, who had retired a year before filing the claim, had elected to take his pension as a lump sum. The magistrate awarded benefits in an amount equal to Krueger's entitlement, less the monthly payment he would have received as pension had he chosen monthly payments. The reduction was made at Simplicity's election. The magistrate's order indicated that, given Simplicity's election to coordinate under MCL 418.354(1)(e); MSA 17.237(354)(1)(e), it could not apply the age sixty-five reduction, provided in MCL 418.357; MSA 17.237(357), to the disability award once Krueger's pension benefits expired. The defendants appealed, and the Workers' Compensation Appellate Commission affirmed. The defendants appealed by leave granted.

The Court of Appeals *held:*

Having chosen to coordinate Krueger's benefits under § 354, defendants are prevented by § 357(2) from later applying the age sixty-five reduction. Once an employer elects to coordinate benefits, it cannot reverse the coordination when the employee's pension benefits expire. Coordination, once begun, continues and does not automatically lapse merely because one of the factors in the coordination equation becomes zero.

Affirmed.

McDonald, J., concurred.

G.S. Allen, J., dissenting, stated that the Legislature never intended that an employer be prevented from applying the age sixty-five reduction set forth in § 357(1) as long as the employee is not currently having benefits coordinated under § 354 but is eligible for social security benefits. The employer should not be bound forever by its decision to coordinate benefits.

References
Am Jur 2d, Workers' Compensation §§ 49, 414, 415, 431, 680.
See the Index to Annotations under Workers' Compensation.

WORKERS' COMPENSATION — COORDINATION OF BENEFITS — REDUCTION
OF BENEFITS AFTER AGE SIXTY-FIVE — ELECTION BY EMPLOYER.

   An employer who chooses to coordinate a retired employee's
   workers' disability compensation benefits and pension benefits
   pursuant to § 354(1) of the Workers' Disability Compensation
   Act may not, once the pension benefits expire, reduce the
   disability benefits pursuant to § 357 of the act after the em-
   ployee reaches age sixty-five; coordination, once begun, contin-
   ues and does not automatically lapse merely because one of the
   factors in the coordination equation becomes zero (MCL
   418.354[1][e], 418.357; MSA 17.237[354][1][e], 17.237[357]).

*McCroskey, Feldman, Cochrane & Brock* (by
*Timothy A. Kragt*), for the plaintiff.

*Gofrank & Kelman* (by *Phillip G. Rosenberg*), for
the defendants.

Before: MARILYN KELLY, P.J., and McDONALD
and G. S. ALLEN,* JJ.

MARILYN KELLY, P.J. In this case of first impres-
sion, defendants appeal by leave granted from an
order of the Workers' Compensation Appellate
Commission. The Commission ruled that, once an
employer elects to coordinate an employee's pen-
sion benefits under the Workers' Disability Com-
pensation Act, it may not later apply the age-65
reduction. We affirm.

Plaintiff worked for defendant Simplicity Pat-
tern Company for forty-two years. He retired in
September, 1985 and elected to take his pension in
a lump sum, calculated at $29,300.61. Had he not
elected the lump sum amount, his monthly pen-
sion benefits would have been $305.98.

In November, 1986, plaintiff filed a claim for
disability compensation. The magistrate awarded
him disability compensation of $213.03 per week.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

The amount represents what plaintiff was entitled to less the weekly payment he would have received as his pension, had he not chosen to take it in a lump sum. The reduction was made at the election of plaintiff's employer. The magistrate's order indicated that, given the election to coordinate, defendants could not apply the statutorily authorized age-65 reduction to plaintiff's disability award once his pension benefits expired. MCL 418.357; MSA 17.237(357).

Defendants appealed to the Workers' Compensation Appellate Commission alleging in part that the magistrate's order barring them from applying the age-65 § 357 reduction was confusing, unnecessary and should be stricken. The Commission affirmed the award and concluded with the following:

> It is clear from the form and the content of the language in subsection 2 that when a disabled employee has a pension benefit coordinated that the fact of coordination exempts the employee from the effects of the reductions as set out in subsection 1. The employer is free to elect which course to follow, but once having chosen to coordinate, then the reduction for age is not available either simultaneously or serially.

The matter at issue derives from legislation enacted in 1981. At that time, the Michigan Legislature passed a statute allowing employers to decrease workers' compensation to those disabled employees eligible to receive wage-loss compensation from other employer-funded sources. *General Motors Corp v Romein*, 503 US —; 112 S Ct 1105; 117 L Ed 2d 328, 335 (1992); MCL 418.354; MSA 17.237(354). The purpose of this so-called coordination of benefits under Michigan's Workers' Disability Compensation Act was to reduce costs to the

business community and to eliminate duplicate recovery of benefits. *Romein v General Motors Corp,* 436 Mich 515, 552; 462 NW2d 555 (1990) (RILEY, C.J., dissenting), aff'd 503 US —; 112 S Ct 1105; 117 L Ed 2d 328 (1992). The resources saved as a result of coordination were reallocated by statute to increase benefit levels generally. *Id.*

Section 354 of the Act provides that an employer's obligation to pay workers' compensation shall by reduced by

> [t]he proportional amount . . . of the after-tax amount of the pension or retirement payments received or being received by the employee pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received. [MCL 418.354(1)(e); MSA 17.237(354)(1)(e).]

Section 357 provides that once an employee receiving workers' compensation reaches the age of 65:

> (1) [W]eekly payments for each year following his or her sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his or her seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall not be a further reduction for the duration of the employee's life. . . .
> (2) Subsection (1) shall not apply to . . . a person whose payments under this act are coordinated under section 354. [MCL 418.357; MSA 17.237(357).]

In the case on appeal, defendants argue that they should have been allowed to terminate the coordination of plaintiff's benefits under § 354 when plaintiff turned 65; they would then have

applied the age-65 reduction under § 357. Alternatively, they argue that, after plaintiff reached 65 and his pension benefits became exhausted, they should have had the option of applying the age-65 reduction statute. We disagree.

When defendants chose to coordinate plaintiff's benefits, they gained a financial advantage by paying plaintiff less than they would otherwise have been obliged to pay. Having made the election, they were statutorily disallowed from later applying the age-65 reduction. MCL 418.357(2); MSA 17.237(357)(2). Had they chosen, instead, not to coordinate benefits, they could have reduced plaintiff's disability benefits up to fifty percent after he reached age 65. MCL 418.357(1); MSA 17.237(357)(1).

However, defendants cannot have it both ways, as they would like. They made a business decision to coordinate benefits. They cannot now prevail on a claim that they could not have anticipated how long plaintiff would live and the possible financial consequences of his disability. Employers, or at least their insurance carriers, have the means to determine the likelihood that coordination of benefits will be to their advantage. That they may lose money in a given case is a business risk they take.

Defendants argue also that, once pension benefits expire, coordination ceases. They point out that the prohibition against using the age-65 reduction applies only when, under the statute, the employee's benefits "are coordinated," implying "are being currently reduced." MCL 418.357(2); MSA 17.237(357)(2). We disagree and determine that coordination, having begun, continues. Nothing in the statute suggests otherwise. Coordination of benefits does not automatically lapse merely because one of the factors in the coordination equation becomes zero.

We agree with the Workers' Compensation Appellate Commission that, once an employer elects to coordinate benefits, it cannot reverse the coordination when the employee's pension benefits expire.

Affirmed.

McDONALD, J., concurred.

G. S. ALLEN, J. *(dissenting)*. I believe that the majority has clearly misconstrued the legislative intent behind §§ 354 and 357(2) of the Workers' Disability Compensation Act. MCL 418.354; MSA 17.237(354); MSA 418.357(2); MSA 17.237(357)(2). As the majority notes, the Legislature enacted the coordination-of-benefits provision set forth in § 354 as a cost-saving reform for businesses and to eliminate duplicate recovery of benefits. Section 357(2), on the other hand, ensures that claimants are not penalized upon reaching the age of sixty-five by the effect of double coordination, i.e., by application of both §§ 354 and 357(1).

Whether reading these two sections in pari materia or by simply giving the language of § 357(2) its plain meaning, it is evident that the Legislature never intended that an employer be prevented from applying the age-sixty-five reduction set forth in § 357(1) as long as the employee is not currently having benefits coordinated under § 354 but is eligible for social security benefits. The majority's conclusion that an employer is forever bound by its initial election to coordinate benefits creates a business risk where none was intended by the Legislature.

I would reverse.