SARASKI v DEXTER DAVISON KOSHER MEAT & POULTRY

Docket No. 153745. Submitted December 14, 1993, at Detroit. Decided
August 1, 1994, at 9:10 A.M.

Henry Saraski received worker's compensation general disability
benefits for a total, temporary disability that occurred while he
was employed by Dexter Davison Kosher Meat & Poultry.
Dexter Davison reduced the payments, pursuant to MCL
418.357; MSA 17.237(357), because Saraski was sixty-five years
old. Following the decision in *Franks v White Pine Copper
Division,* 422 Mich 636 (1985), Dexter Davison restored Saraski
to his basic weekly rate before § 357 reductions and began
coordinating fifty percent of his social security benefits pursu-
ant to MCL 418.354; MSA 17.237(354). Saraski then sought and
was granted an open award of total and permanent disability
benefits under MCL 418.361(3); MSA 17.237(361)(3). Dexter
Davison was no longer permitted to coordinate benefits under
§ 354 and, therefore, again began adjusting Saraski's weekly
benefits under § 357. Saraski claimed that Dexter Davison was
not entitled to the § 357 reduction because it had already
elected to coordinate benefits under § 354. A hearing referee
agreed. Dexter Davison appealed to the Worker's Compensation
Appellate Commission, which held that an employer is not
prohibited from serially selecting between reduction under
§§ 354 or 357 at its discretion. The WCAC also concluded that its
decision rendered moot Saraski's motion to dismiss that was
based on Dexter Davison's failure to pay seventy percent of
Saraski's weekly benefit while the appeal was pending, as
required by MCL 418.862; MSA 17.237(862). Saraski appealed
by leave granted.

The Court of Appeals *held:*

1. The WCAC's decision that the employer was not bound by
its election to coordinate benefits under § 354 was not error
under the facts of this case.

2. Once an employer makes an initial selection between

REFERENCES

Am Jur 2d, Workers' Compensation §§ 477, 652.
Tort liability of worker's compensation insurer for wrongful delay
or refusal to make payments due. 8 ALR4th 902.

§§ 354 and 357, § 357(2) prohibits the employer from serially switching the selection unless the specific circumstances involved require a different result in order to prevent injustice. A change in a party's disability status may be viewed as a new event that may terminate prior elections by the employer and permit the employer to make a new election, if one is available.

3. The WCAC erred in failing to analyze Dexter Davison's failure to pay seventy percent of Saraski's benefits as a condition precedent to perfecting an appeal. It is error to refuse to assess penalties against the employer for its failure to pay regardless of whether the WCAC ultimately denies the benefits sought. The issue was not moot.

Affirmed in part, reversed in part, and remanded.

WHITE, J., concurring with the majority in all other regards, stated that the general rule that once an employer makes an initial selection between §§ 354 and 357, § 357(2) prohibits the employer from serially switching the selection should neither be adopted nor rejected.

1. WORKER'S COMPENSATION — COORDINATION OF BENEFITS — ELECTION BY EMPLOYER.

Once an employer makes an initial selection to reduce a disabled employee's worker's compensation benefits under either §§ 354 or 357 of the Worker's Disability Compensation Act, § 357(2) prohibits the employer from serially switching the selection; an exception to this general rule may be found where the specific circumstances involved require a different result in order to prevent injustice, e.g., a change in a party's disability status may be viewed as a new event that may terminate prior elections by the employer and permit a new election (MCL 418.354, 418.357; MSA 17.237[354], 17.237[357]).

2. WORKER'S COMPENSATION — FAILURE TO PAY BENEFITS — PENALTY.

It is error for the Worker's Compensation Appellate Commission to refuse to assess penalties against an employer for failure to pay seventy percent of a disabled employee's benefits pending an appeal to the commission; whether the commission ultimately denies the benefits sought is not relevant (MCL 418.862[1]; MSA 17.237[862][1]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *A. T. Iverson, Jr.*), for Dexter Davison Kosher Meat & Poultry and the Accident Fund of Michigan. ·

Before: MARILYN KELLY, P.J., and WHITE and
D. F. BRECK,* JJ.

MARILYN KELLY, P.J. Henry Saraski appeals by
leave granted from an order of the Worker's Com-
pensation Appellate Commission (WCAC), permit-
ting post-sixty-five age reductions in his weekly
benefits pursuant to MCL 418.357; MSA
17.237(357). He appeals as well from a WCAC denial
of his motion to dismiss defendants' appeal. He
argues that dismissal is required, because Dexter
Davison failed to pay seventy percent of his
weekly benefits as required by MCL 418.862; MSA
17.237(862). We affirm in part, reverse in part and
remand for further proceedings consistent with
this opinion.

I

Henry Saraski fell and injured his knee while
an employee of Dexter Davison on January 18,
1978. He was sixty-five years of age. Dexter Davi-
son paid weekly benefits for general disability,
with reductions pursuant to MCL 418.357; MSA
17.237(357). Payments with reductions pursuant to
§ 357 continued until shortly after the Supreme
Court's decision in *Franks v White Pine Copper
Division,* 422 Mich 636; 375 NW2d 715 (1985).[1]
Then, apparently relying on *Franks,* Dexter Davi-
son restored Saraski to his basic weekly rate be-
fore § 357 reductions and began coordinating fifty
percent of his social security benefits pursuant to
MCL 418.354; MSA 17.237(354). It also withheld
fifty percent of the coordinated rate against what
it viewed as a previous overpayment; the earlier
reductions in weekly benefits had not equalled fifty

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Superseded by statute MCL 418.354(17); MSA 17.237(354)(17).

percent of the social security benefits Saraski received during the same period.

In January, 1986, Saraski filed a petition alleging total and permanent disability due to the loss of industrial use of both legs, under MCL 418.361(3); MSA 17.237(361)(3). He was granted an open award of total and permanent disability benefits. The Second Injury Fund successfully appealed the referee's failure to apply the two-year-back rule. Saraski successfully cross-appealed the determination of his average weekly wage. Dexter Davison took no appeal from the decision. When Saraski was awarded total and permanent disability under § 361(3), Dexter Davison was no longer permitted to coordinate benefits under § 354 because "benefits under section 361(2) and (3) are benefits which recognize human factors substantially in addition to the wage loss concept." MCL 418.354(16); MSA 17.237(354)(16).

Dexter Davison again began adjusting Saraski's weekly benefits under § 357. There is no prohibition against taking § 357 age reductions in a § 361(3) award.

Saraski moved for mediation or a hearing, claiming that Dexter Davison was not entitled to reduce his weekly benefit under § 357, since it had already elected to coordinate his benefits under § 354. Magistrate Godfrey relied primarily on § 357(2) which states:

> Subsection (1) shall not apply to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the social security act, 42 U.S.C. 301 to 1397f, or to a person whose payments under this act are coordinated under section 354. [MCL 418.357(2); MSA 17.237(357)(2).]

He held that Dexter Davison must abide by its

initial election between coordination under § 354 or reduction under § 357. Moreover, Dexter Davison could not change its selection absent a court order.

Dexter Davison appealed from Magistrate Godfrey's decision to the WCAC. Saraski moved to dismiss the appeal because Dexter Davison had failed to pay seventy percent of his weekly benefit while the appeal was pending as required by MCL 418.862; MSA 17.237(862).

The WCAC observed that § 357(2) prohibits an employer from reducing benefits under both § 354 and § 357 simultaneously. However, it held that an employer is not prohibited from serially selecting between benefit reduction under § 354 or § 357 at its discretion. The WCAC also concluded that its decision on the merits mooted Saraski's motion to dismiss pursuant to MCL 418.862; MSA 17.237(862).

We now decide if the WCAC's decision permitting defendant to reduce plaintiff's benefits under § 357, after defendant had earlier done so under § 354 and still earlier under § 357, was correct.

II

This Court may review questions of law involved in any final order of the WCAC. We will reverse a WCAC decision if the Commission operated within the wrong legal framework or if its decision was based on erroneous legal reasoning. *Corbett v Montgomery Ward & Co, Inc,* 194 Mich App 624, 631; 487 NW2d 825 (1992); *Abbey v Campbell, Wyant & Cannon Foundry (On Remand),* 194 Mich App 341, 351; 486 NW2d 131 (1992). Statutory interpretation is a question of law subject to de novo review on appeal. *Cardinal Mooney High*

*School v Michigan High School Athletic Ass'n,* 437 Mich 75; 467 NW2d 21 (1991).

Previously, our Court considered the employer's right to serially select between § 357 and § 354 to reduce a disabled employee's benefits. In *Krueger v Simplicity Pattern Co,*[2] we held that, once an employer elected to coordinate benefits, it could not reverse the coordination when the employee's pension benefits expired. *Krueger,* p 217. Our Supreme Court dismissed the appeal of *Krueger* on stipulation of the parties after plaintiff died. It also vacated the judgment of our Court, without instruction or comment. Consequently, we again address the questions presented as matters ungoverned by existing precedent.

We conclude, for the reasons set out below, that the WCAC's decision that Dexter Davison was not bound by its election to coordinate benefits under § 354 was not error. In doing so, we do not adopt the WCAC's rule that serial selection between § 354 and § 357 at the employer's discretion, with whatever frequency the employer chooses, is always permissible. Rather, we adopt the general rule of *Krueger* that once an employer makes an initial selection between § 354 and § 357, § 357(2) prohibits the employer from serially switching the selection. However, as with all general rules, specific circumstances may require a different result in order to prevent injustice. We find such circumstances here.

First, when Saraski was initially disabled, defendant elected to reduce benefits under § 357 not § 354. Defendant undertook coordination of benefits under § 354 only after our Supreme Court decided *Franks.* At the time, the question of whether serial selection was permissible had not

[2] 196 Mich App 212; 492 NW2d 790 (1992), vacated 442 Mich 912 (1993).

been decided. Applying the rule developed in
*Krueger*, which we explicitly adopt here, it is clear
that defendant originally selected to reduce bene-
fits under § 357; defendant now seeks merely to
return to the original selection, contrary to plain-
tiff's contention that defendant originally selected
to coordinate benefits under § 354.

However, we also note that in 1986, plaintiff
sought to alter his disability status from total,
temporary disability to total, permanent disability.
When Administrative Law Judge Canady found
plaintiff to be totally and permanently disabled,
his finding had several ramifications. First, by
operation of law, defendant could no longer reduce
benefits under § 354 under any circumstances.
MCL 418.354(16); MSA 17.237(354)(16). Moreover, a
change in a party's disability status may be viewed
as a new event which may terminate prior elec-
tions by the employer. It permits the employer to
make a new election, if one is available. Equity
requires that an employer be permitted to make a
new election when the employee seeks and obtains
a change in his or her disability status.

We distinguish the facts here from those in
*Krueger* primarily on this basis: In *Krueger,* de-
fendant sought to serially select between § 354 and
§ 357 solely at its discretion. The disabled worker,
without recourse or warning, was at the mercy of
the employer's varying selection based merely on
the economic self-interest of the employer. Here,
plaintiff sought an altered disability status and
was not merely the victim of defendant's economic
and business decisions.

Thus, we again decide that an employer may not
serially switch between § 354 and § 357. Having
made an election, the employer must continue it.
However, we also conclude that certain events,
such as an employee's successful alteration of his

disability status, may create a narrow exception wherein the employer may alter its election. Consequently, we find no error in the WCAC's decision permitting defendant to make a new election under the circumstances existing here.

### III

We conclude that the WCAC erred in failing to analyze Dexter Davison's failure to pay seventy percent of Saraski's benefits as a condition precedent to perfecting an appeal. MCL 418.862(1); MSA 17.237(862)(1). Saraski correctly notes that it is error for the WCAC to refuse to assess penalties against an employer for failure to pay seventy percent of benefits pending appeal. It was not relevant whether the WCAC ultimately denied the benefits sought. *Boden v Detroit Lions, Inc, (On Remand),* 193 Mich App 203, 208; 483 NW2d 673 (1992). It follows that Saraski's request for the sanction of dismissal does not become moot simply because the WCAC was persuaded that Dexter Davison should prevail on the merits.

We affirm the WCAC's decision that Dexter Davison was entitled to switch to age reduction of Saraski's benefits pursuant to § 357 for the reasons set out above. We reverse the WCAC's decision which declares Saraski's motion to dismiss moot. We remand for reconsideration of whether defendant's failure to comply with § 862(1) required dismissal of its appeal. We do not retain jurisdiction.

D. F. BRECK, J., concurred.

WHITE, J. *(concurring).* I agree, for the reasons stated by the majority, that in the present case,

the Worker's Compensation Appellate Commission
did not err in concluding that defendant properly
could reduce benefits under MCL 418.357; MSA
17.237(357). I would not, however, adopt or reject
the "general rule of *Krueger* [v *Simplicity Pattern
Co,* 196 Mich App 212; 492 NW2d 790 (1992).]"
*Ante,* p 352.

I join in part III of the majority opinion.