**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 12, 2001**

CHARLES L. STOZICKI,

    Plaintiff-Appellee,

v

        No. 117242

ALLIED PAPER COMPANY, INC, and
TRAVELERS INSURANCE COMPANY,

    Defendants-Appellants.

_____

PER CURIAM

    The issue in this case concerns the relationship between two provisions of the Worker's Compensation Disability Act, § 354,[1] which permits coordination of benefits with certain other payments, and the "age 65 reduction" provision of § 357.[2] Relying on the Court of Appeals decision in *Saraski v Dexter Davison Kosher Meat & Poultry*, 206 Mich App 347; 520 NW2d 383 (1994), the Worker's Compensation Appellate

---

[1] MCL 418.354.

[2] MCL 418.357.

Commission decided that once having reduced benefits under § 357, an employer cannot then switch to coordination of benefits under § 354.  We conclude that *Saraski* misinterpreted the controlling statutory language, and reverse.

I

The plaintiff worked for Allied Paper from 1953 to 1988. On January 15, 1988, he suffered a work-related injury and sought worker's compensation benefits.  The parties entered into a voluntary payment agreement, and the employer has paid benefits in varying amounts since then.  The plaintiff reached age sixty-five on July 18, 1995, and began receiving social security old age benefits and an employer-provided pension. The employer did not immediately make any changes in the benefits being paid.  However, on February 18, 1997, it began reducing the plaintiff's benefits by five percent under § 357, and did so until March 18, 1997.  At that time it stopped the § 357 reduction and began coordinating plaintiff's benefits with the social security and pension payments under § 354.

The parties disagreed over the appropriate benefit amount and submitted the dispute for decision by a magistrate.  He concluded, among other things, that pursuant to *Saraski,* the employer was prohibited from utilizing the § 354 reduction because it had already taken the age sixty-five reductions for a time.

The employer appealed to the WCAC, arguing that *Saraski* was wrongly decided and, in any event, that the case was

2

distinguishable.  The WCAC affirmed on the basis of *Saraski*.

The Court of Appeals denied leave to appeal, and the employer has filed an application for leave to appeal to this Court.

                                II

Subsection 354(1) of the WDCA provides for coordination of worker's compensation benefits with certain other payments. It provides, in part:

> Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced by these amounts:
>
> (a)  Fifty percent of the amount of the old-age insurance benefits received or being received under the social security act.
>
> * * *
>
> (d)  The after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received, if the employee did not contribute directly to the pension or retirement plan or program.[3]

The other relevant provision is § 357, which contains the age sixty-five reduction:

> (1)  When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65, the weekly

---

[3]  Other subsections provide for coordination with payments under a self-insurance plan, a wage-continuation plan, or a disability insurance policy provided by the employer.  Where the employee has contributed to the plan, program, or policy, the amount of coordination is proportionately adjusted.

payments for each year following his or her sixty-fifth birthday, shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his or her seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall not be a further reduction for the duration of the employee's life. Weekly payments shall not be reduced below the minimum weekly benefit as provided in this act.

The critical provision for the purpose of this appeal is the language of subsection (2):

(2) *Subsection (1) shall not apply* to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the social security act, 42 U.S.C. 301 to 1397f, *or to a person whose payments under this act are coordinated under section 354.* [Emphasis added.]

The Court of Appeals construed that language in *Saraski*. Plaintiff Saraski was injured at work, and the employer began paying general disability benefits. Because Saraski was sixty-five years of age, it took the reduction under § 357. Shortly after our decision in *Franks v White Pine Cooper Division*, 422 Mich 636; 375 NW2d 715 (1985),[4] the employer restored Saraski to his weekly rate before the § 357 reductions and began coordinating benefits with social security payments under § 354. Saraski then filed a petition alleging total and permanent disability under MCL 418.361(3). He was granted an open award of total and permanent disability benefits, which are not subject to coordination under § 354.

---

[4] *Franks* has been superseded by statute. MCL 418.354(17).

4

Thus, the employer again began adjusting weekly benefits under the age reduction provision of § 357. The magistrate held that the employer must abide by its initial election between coordination under § 354 or reduction under § 357. However, the WCAC reversed, concluding that the employer is not prohibited by the language of subsection 357(2) from serially switching between the benefit reductions of the two sections, but was merely prohibited from reducing benefits under both simultaneously.

The Court of Appeals analyzed the employer election issue in *Saraski*, at 352, as follows:

> Previously, our Court considered the employer's right to serially select between § 357 and § 354 to reduce a disabled employee's benefits. In *Krueger v Simplicity Pattern Co*,[2] we held that, once an employer elected to coordinate benefits, it could not reverse the coordination when the employee's pension benefits expired. *Krueger*, p 217. Our Supreme Court dismissed the appeal of *Krueger* on stipulation of the parties after plaintiff died. It also vacated the judgment of our Court, without instruction or comment. Consequently, we again address the questions presented as matters ungoverned by existing precedent.
>
> We conclude, for the reasons set out below, that the WCAC's decision that Dexter Davison was not bound by its election to coordinate benefits under § 354 was not error. In doing so, we do not adopt the WCAC's rule that serial selection between § 354 and § 357 at the employer's discretion, with whatever frequency the employer chooses, is always permissible. Rather, *we adopt the general rule of Krueger that once an employer makes an initial election between § 354 and § 357, § 357(2) prohibits the employer from serially switching the selection*. However, as with all general rules, specific circumstances may require a different result in order to prevent injustice. We find such

5

circumstances here.[5]

---

2 196 Mich App 212; 492 NW2d 790 (1992), vacated 442 Mich 912 (1993). [Emphasis added.]

---

III

This case involves a question of statutory interpretation, which we review de novo. Brown v Michigan Health Care Corp, 463 Mich 368, 374; 617 NW2d 301 (2000); *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). The starting point for determining the Legislature's intent is the language of the statute itself. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). Statutes should be interpreted consistently with their plain and unambiguous meanings. *Northern Concrete Pipe, Inc v Sinacola Companies-Midwest, Inc*, 461 Mich 316, 320; 603 NW2d 257 (1999); *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000).

We believe the *Saraski* Court misconstrued subsection 357(2). That section says that the age sixty-five reduction may not be taken where worker's compensation payments "*are coordinated under § 354.*" The plain meaning of that statute is that an employer may not simultaneously take advantage of

---

5 On the facts of the *Saraski* case, the Court found an exception allowing the employer to switch back to a § 357 reduction. It based this conclusion on the injured worker's having sought an altered disability status, which affected the employer's ability to coordinate under § 354. 206 Mich App 353-354.

coordination under § 354 and the age reduction under § 357. If the Legislature had meant to make an employer's initial decision to use a particular benefit reduction provision irrevocable, it could have used language to that effect. As the Legislature did not create such a requirement, that limitation cannot be read into the WDCA

Thus, we conclude that *Saraski* improperly interpreted the statute. Accordingly, the decision of the Worker's Compensation Appellate Commission is reversed. We remand the case to the commission for any further proceedings as necessary.

CORRIGAN, C.J., and CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

CHARLES L. STOZICKI,

    Plaintiff-Appellee,

v                                         No. 117242

ALLIED PAPER COMPANY, INC. and
TRAVELERS INSURANCE COMPANY,

    Defendants-Appellants.

_____

KELLY, J. (*concurring*).

I concur in the result reached in the per curiam opinion, but disagree with its unnecessary exercise of interpreting a statutory provision that does not govern the outcome of the case. In its haste to overturn the precedent of *Saraski v Dexter Davison Kosher Meat & Poultry*,[1] the per curiam opinion purports to rely on the plain-meaning doctrine, but, instead, generates dictum.[2]

---

[1] 206 Mich App 347; 520 NW2d 383 (1994).

[2] Black's Law Dictionary defines "dictum" as an opinion of a judge that does not embody the resolution or
(continued...)

In this case, defendant coordinated plaintiff's benefits under § 354 of the Worker's Disability Compensation Act,[3] after first using the over sixty-five reduction scheme provided by § 357. Section 357(2), the subsection interpreted by today's opinion, provides:

> *Subsection (1) shall not apply* to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the social security act, 42 USC 301 to 1397f, or *to a person whose payments under this act are coordinated under section 354.* [Emphasis added.]

Section 357(2) does not address employers who switch, as the defendant has done, from a § 357 reduction scheme to a coordination of benefits under § 354. The majority's discussion of it is unnecessary to the disposition of this case. Hence, it is dictum, a mere expression of the author's opinion going beyond the facts of this case, not binding in subsequent cases as legal precedent.

The "plain meaning" interpretation advanced by today's majority suggests that employers possess free reign to reduce their former employees' benefits by opting for whichever

---

[2] (...continued) determination of the specific case before the court. It is an expression in a court's opinion that goes beyond the facts before the court and therefore represents individual views of the author of the opinion and is not binding in subsequent cases as legal precedent.

[3] MCL 418.101 *et seq.*

2

statutory scheme saves them the most money at any given time. Disabled former employees can be anticipated to experience debt and financial planning difficulties due to the uncertainty created by today's majority decision. I question whether this embodies the intention of the Legislature when it enacted the WDCA.

It is worth noting that today's opinion attempts to overturn a rule of law that has existed since 1994 without alteration by the Legislature. This Court recently decided that legislative acquiescence "is a highly disfavored doctrine of statutory construction . . . ." *Donajokowski v Alpena Power Co*, 460 Mich 243, 261; 596 NW2d 574 (1999). Although seven years of legislative silence may not signal agreement with *Saraski*, it should not go unnoticed that no statutory change has been made to § 357(2) since *Saraski* was decided.

Regarding the appeal of Allied Paper Company, the issue presently before this Court, no rule or principle of law exists to preclude an employer from switching from § 357 to § 354. Since that is all defendant did here, we need say nothing more to dispense with this case.

3