Kelly, J.
(concurring). I concur in the result reached in the per curiam opinion, but disagree with its unnecessary exercise of interpreting a statutory provision that does not govern the outcome of the case. In its haste to overturn the precedent of Saraski v Dexter Davison Kosher Meat & Poultry,[1] the per curiam opinion purports to rely on the plain-meaning doctrine, but, instead, generates dictum.[2]
In this case, defendant coordinated plaintiffs benefits under § 354 of the Worker’s Disability Compensation Act,[3] after first using the over sixty-five reduction scheme provided by § 357. Section 357(2), the subsection interpreted by today’s opinion, provides:
Subsection (1) shall not apply to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the social security act, 42 USC 301 to 1397f, or to a person whose payments under this act are coordinated under section 354. [Emphasis added.]
Section 357(2) does not address employers who switch, as the defendant has done, from a § 357 reduction scheme to a coordination of benefits under § 354. The majority’s discussion of it is unnecessary to the disposition of this case. Hence, it is dictum, a *265 mere expression of the author’s opinion going beyond the facts of this case, not binding in subsequent cases as legal precedent.
The “plain meaning” interpretation advanced by today’s majority suggests that employers possess free reign to reduce their former employees’ benefits by opting for whichever statutory scheme saves them the most, money at any given time. Disabled foraier employees can be anticipated to experience debt and financial planning difficulties due to the uncertainty created by today’s majority decision. I question whether this embodies the intention of the Legislature when it enacted the wdca.
It is worth noting that today’s opinion attempts to overturn a rule of law that has existed since 1994 without alteration by the Legislature. This Court recently decided that legislative acquiescence “is a highly disfavored doctrine of statutory construction . . . .” Donajkowski v Alpena Power Co, 460 Mich 243, 261; 596 NW2d 574 (1999). Although seven years of legislative silence may not signal agreement with Saraski, it should not go unnoticed that no statutory change has been made to § 357(2) since Saraski was decided.
Regarding the appeal of Allied Paper Company, the issue presently before this Court, no rule or principle of law exists to preclude an employer from switching from § 357 to § 354. Since that is all defendant did here, we need say nothing more to dispense with this case.

 206 Mich App 347; 520 NW2d 383 (1994).

 Black’s Law Dictionary defines “dictum” as an opinion of a judge that does not embody the resolution or determination of the specific case before the court. It is an expression in a court’s opinion that goes beyond the facts before the court and therefore represents individual views of the author of the opinion and is not binding in subsequent cases as legal precedent.

 MCL 418.101 et seg.