EVERDEN v LEASEWAY MOTORCAR TRANSPORT COMPANY

*Docket No. 244260. Submitted November 13, 2003, at Detroit. Decided November 20, 2003, at 9:05 A.M. Leave to appeal sought.*

Leaseway Motorcar Transport Company and Old Republic Insurance Company voluntarily paid Arthur B. Everden worker's compensation wage loss benefits for a work-related injury. When Everden reached the age of sixty-five and began receiving social security benefits, Leaseway and Old Republic reduced his benefits by five percent, pursuant to MCL 418.357(1). The benefits were again reduced by five percent a year later, pursuant to subsection 357(1). Leaseway and Old Republic thereafter informed Everden that they would retroactively coordinate his social security benefits, pursuant to MCL 418.354(1), and would further reduce his benefits an additional fifty percent to recoup the alleged overpayment that resulted from the earlier choice of taking the five-percent reductions authorized by subsection 357(1). The Worker's Compensation Appellate Commission eventually ruled that although Leaseway and Old Republic could choose to coordinate the benefits under § 354, the choice could not be applied retroactively. The Court of Appeals denied an application for leave to appeal by Leaseway and Old Republic. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 467 Mich 885 (2002).

The Court of Appeals *held*:

There was no overpayment of benefits to Everden. He was entitled to benefits calculated pursuant to subsection 357(1) until the time that Leaseway and Old Republic chose to reduce the benefits pursuant to § 354. Leaseway and Old Republic were not entitled to seek reimbursement of the payments made pursuant to the provisions of subsection 357(1).

Affirmed.

*J. Timothy Esper & Associates, P.C.* (by *J. Timothy Esper*), for Arthur B. Everden.

*Lacey & Jones* (by *Michael T. Reinholm*) for Leaseway Motorcar Transport Company and Old Republic Insurance Company.

Before: FORT HOOD, P.J., and MURPHY and NEFF, JJ.

MURPHY, J. In lieu of granting leave to appeal from this Court's denial of the defendants' application for leave to appeal, the Supreme Court remanded this matter to this Court for consideration as on leave granted. 467 Mich 885 (2002). Defendants appeal an order issued by the Worker's Compensation Appellate Commission (WCAC) limiting their right to recoup alleged overpayments of weekly wage loss benefits to plaintiff. We affirm.

Defendants voluntarily paid plaintiff weekly wage loss benefits for a 1993 injury. Before plaintiff turned sixty-five on December 1, 1996, he received weekly worker's compensation benefits of $455.20. Effective December 1, 1996, plaintiff received monthly social security payments of $1,090. On that date, defendants reduced plaintiff's weekly benefits by five percent, pursuant to MCL 418.357(1).[1] Defendants reduced plaintiff's benefits by another five percent on December 1, 1997, also pursuant to MCL 418.357(1).

---

[1] MCL 418.357(1) provides in part:

When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65, the weekly payments for each year following his or her sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his or her seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall not be a further reduction for the duration of the employee's life.

In September 1998, defendants requested that plaintiff disclose the amount of plaintiff's initial social security benefit, and plaintiff provided the information, indicating he received $1,090. On October 14, 1998, defendants informed plaintiff that they would retroactively coordinate plaintiff's social security benefits to December 1, 1996, and that they would further reduce his benefits an additional fifty percent to recoup the alleged overpayment that resulted from their earlier choice of taking the five-percent-per-year reduction authorized by MCL 418.357(1). MCL 418.354(1) permits the coordination of social security benefits.[2]

Referring to *Stozicki v Allied Paper Co, Inc*, 464 Mich 257; 627 NW2d 293 (2001), the WCAC ultimately concluded that although defendants originally reduced plaintiff's benefits pursuant to MCL 418.357, they could later choose to coordinate benefits pursuant to MCL 418.354, but that the choice could not be applied retroactively. The WCAC reasoned:

> Under the facts of this case we do not believe that the employer should be entitled to apply their choice to coordinate benefits retroactively. To hold otherwise would allow an employer to create an undue hardship for the injured

---

[2] MCL 418.354(1) states in part:

This section is applicable when either weekly or lump sum payments are made to an employee as a result of liability pursuant to section 351, 361, or 835 with respect to the same time period for which old-age insurance benefit payments under the social security act, 42 USC 301 to 1397f . . . . Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced by these amounts:

(a) Fifty percent of the amount of the old-age insurance benefits received or being received under the social security act.

employee solely through its own whim, neglect or careless-
ness. . . . Defendants are only permitted to recoup from the
time they changed their election to coordinate benefits
[October 14, 1998].

Defendants argue that pursuant to MCL 418.833(2),
they are permitted to recoup benefits retroactively to
October 14, 1997, one year before the date that they
sought recoupment. We disagree. MCL 418.833(2) pro-
vides: "When an employer or carrier takes action to
recover overpayment of benefits, no recoupment of
money shall be allowed for a period which is more
than 1 year prior to the date of taking such action."

Subsection 833(2) allows an employer to recoup
*overpayment* of benefits. We find that there has been
no overpayment of benefits to plaintiff. Defendants
elected to reduce plaintiff's worker's compensation
benefits as of December 1, 1996, pursuant to subsec-
tion 357(1). They did so until October 14, 1998, when
they then chose to reduce plaintiff's benefits pursuant
to § 354 instead. There is no assertion that, applying
subsection 357(1), defendants miscalculated plaintiff's
benefits and overpaid him. Thus, until October 14,
1998, plaintiff was entitled to benefits calculated pur-
suant to subsection 357(1), and there has been no
overpayment.

Moreover, allowing defendants to recoup benefits
would conflict with our Supreme Court's decision in
*Stozicki, supra.* The *Stozicki* Court stated:

We believe the *Saraski* [*v Dexter Davison Kosher Meat &
Poultry*, 206 Mich App 347; 520 NW2d 383 (1994)] Court
misconstrued subsection 357(2). That section says that the
age sixty-five reduction may not be taken where worker's
compensation payments "*are* coordinated under § 354." The
plain meaning of that statute is that an employer may not

simultaneously take advantage of coordination under § 354 and the age reduction under § 357. If the Legislature had meant to make an employer's initial decision to use a particular benefit reduction provision irrevocable, it could have used language to that effect. As the Legislature did not create such a requirement, that limitation cannot be read into the WDCA. [*Stozicki, supra* at 263 (emphasis in original).]

If defendants here were permitted to recoup benefits retroactively under § 354, after having previously reduced benefits under the five-percent provision of § 357 for the period in which defendants now seek retroactive application of § 354, we would, in effect, be allowing them to take simultaneous advantage of both provisions contrary to *Stozicki*. Further, the fact that the employer may have been entitled to a reduction in payable benefits under more than one method, and opted for a method that was less favorable to it than another option, should not entitle the employer to recoup the difference from the disabled employee under the facts of this case.

Affirmed.